UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

MARINE TRAVELIFT, INC.,

      Plaintiff,

  -v-                                           Case No. 10-CV-001046

MARINE LIFT SYSTEMS, INC.,

      Defendant.
_____

## PROTECTIVE ORDER
_____

**NOW**, this matter having come before the Court on the parties' motion for the entry of a stipulated Protective Order;

**IT HEREBY IS ORDERED** that, pursuant to Local Rule Civ. 26(e), the following terms shall control the use, dissemination and disposition of information which is produced or disclosed and designated as confidential information by a party (hereinafter referred to as "confidential information") during the course of this litigation:

1.    Designation of confidential information shall be made by placing or affixing on the document in a manner that will not interfere with its legibility the word "CONFIDENTIAL." One who provides material may designate it as confidential only when the person in good faith believes it contains trade secrets or nonpublic technical, commercial, financial, personal or business information. Except for documents produced for inspection at the party's facilities, the designation of confidential information must be made prior to or contemporaneously with the production or disclosure of that information. In the event that documents are produced for inspection at the party's facilities, such documents may be produced for inspection before being marked confidential. Once

specific documents have been designated for copying, any documents containing confidential information will then be marked confidential after copying but before delivery to the party who inspected and designated the documents. There will be no waiver of confidentiality by the inspection of confidential documents before they are copied and marked confidential pursuant to this procedure.

2. Portions of depositions of a party's present and former officers, directors, employees, agents, experts and representatives shall be deemed confidential only if they are designated as such when the deposition is taken.

3. Information or documents designated as confidential pursuant to this Order shall not be used or disclosed by the parties or counsel for the parties or any persons identified in subparagraph 4 for any purposes whatsoever other than preparing for and conducting the litigation in which the information or documents were disclosed (including appeals).

4. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential pursuant to this Order to any other person or entity, except that disclosures may be made in the following circumstances:

(i) Disclosure may be made to employees of counsel for the parties who have direct functional responsibility for the preparation and trial of the lawsuit. Any such employee to whom counsel for the parties makes a disclosure must be advised of and become subject to the provisions of this Order requiring that the documents and information be held in confidence.

(ii) Disclosure may be made only to employees of a party required in good faith to provide assistance in the conduct of the litigation in which the information was disclosed who

are identified as such in writing to counsel for the other parties in advance of the disclosure of the confidential information.

        (iii)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents. Before disclosure to any such court reporter or person engaged in making photocopies of documents, such reporter or person must agree to be bound by the terms of this Order.

        (iv)    Disclosure may be made to consultants, investigators or experts (collectively "experts") employed by the parties or counsel for the parties to assist in the preparation and trial of the lawsuit. Before disclosure to any expert, the expert must be informed of and agree to be subject to the provisions of this Order requiring that the documents and information be held in confidence.

    5.    Except as provided in subparagraph 4, counsel for the parties shall keep all documents designated as confidential that are received pursuant to this Order secure within their exclusive possession and must place such documents in a secure area.

    6.    All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to collectively as "copies") of documents or information designated as confidential pursuant to this Order, or any portion thereof, shall be immediately affixed with the word "CONFIDENTIAL" if that word does not already appear.

    7.    To the extent that any answers to interrogatories, transcripts of depositions, responses to requests for admissions or any other papers filed or to be filed with the Court reveal or tend to reveal information claimed to be confidential, these papers or any portion thereof shall be filed under seal by the filing party with the Clerk of Court in an envelope marked "SEALED." A reference to this Order also may be made on the envelope.

8. Any party filing information claimed to be confidential under subsection 7 shall include with that filing either: (i) a motion to seal the material pursuant to General Local Rule 79(d); or (ii) an objection to the designation of the information as confidential. If such an objection is made, the person having designated the information as confidential may file a motion to seal under General Local Rule 79(d) within 21 days of the objection.

9. At the conclusion of this litigation, all materials not received into evidence and treated as confidential under this Order must be returned to the originating party, or must be destroyed if consent to do so is given by the originating party.

Dated this   30th   day of April, 2011.

**BY THE COURT:**

s/ William C. Griesbach
Honorable William C. Griesbach
District Court Judge