UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

___

MARINE TRAVELIFT, INC.,

    Plaintiff,

  -v-
                                    Case No. 10-C-1046

MARINE LIFT SYSTEMS, INC.,

    Defendant.

___

## ADDENDUM TO PROTECTIVE ORDER
___

The following terms are added to and incorporated into the Protective Order (ECF No. 14) so that a "Confidential-Attorneys' Eyes Only" designation hereby is added to and incorporated in the Protective Order on a going forward basis as follows:

1. Materials may be designated as "Confidential-Attorneys' Eyes Only" if, in the reasonable judgment of the designating party, the materials contain not only confidential trade secrets or confidential technical, commercial, financial or business information, but also contain information that could give the receiving party a competitive advantage vis-à-vis the designating party, or cause a competitive disadvantage to the designating party, if circulated beyond legal counsel in this litigation. For example, such information could include, but would not be limited to, sales and pricing information.

2. All materials designated as "Confidential-Attorneys' Eyes Only" shall be used solely for the purposes of this litigation and not for any business, competitive or other purpose, except that the producing party may use its own "Confidential-Attorneys' Eyes Only" information as it deems appropriate for whatever purpose.

3. Any party who produces or discloses "Confidential-Attorneys' Eyes Only" materials shall designate them as such, maintain them, and file them with the Court, if appropriate, pursuant to the procedures set forth in the Protective Order and this Addendum.

4. Materials designated "Confidential-Attorneys' Eyes Only" are not to be shared by counsel for the non-producing party with their client or their client's representatives and may be disclosed only to the following third parties under the following terms and conditions:

(a) The attorneys and staff of any law firm acting as outside counsel for a party to this action, and those persons specifically engaged for the limited purpose of making photocopies or images of documents;

(b) Independent consultants or experts and their staff not employed by or affiliated with a party who are retained for the purposes of this litigation;

(c) The Court and Court personnel, and Court Reporters to the extent that such material is disclosed at a deposition or court session which they are transcribing or in conjunction with same, as agreed by counsel for the parties;

(d) The above listing of persons to whom "Confidential-Attorneys' Eyes Only" material may be disclosed may be expanded or modified by mutual agreement by counsel for the parties in writing without the necessity of modifying the Protective Order or this Addendum.

5. No party concedes that any materials designated by any other party as "Confidential-Attorneys' Eyes Only" do in fact contain trade secrets or technical, commercial, financial or business information that would give any receiving party a competitive advantage vis-à-vis the designating party.

6. Any party on reasonable notice may move for relief from the provisions of this Addendum with respect to specific designated materials or to change any designation under this Addendum it believes to be incorrect. A party shall not be obligated to challenge the proprietary of the designation of materials as "Confidential-Attorneys' Eyes Only" at the time any such designation is made, and failure to do so shall not preclude a subsequent challenge.

7. If a party challenges a "Confidential-Attorneys' Eyes Only" designation, it first must give notice to the designating party and then the parties must attempt to resolve such challenge in good faith on an informal basis. If the parties are unable to resolve such a challenge on an informal basis, the requesting party then may file a motion with the Court asking that the "Confidential-Attorneys' Eyes Only" designation be removed from the materials and the materials treated as "Confidential" under the terms of the Protective Order.

8. If a "Confidential-Attorneys' Eyes Only" designation is contested by motion, the burden of showing the designation is appropriate is upon the designating party.

9. Absent Order of the Court, the prevailing party on a challenge to the "Confidential Attorneys'-Eyes Only" designation shall be entitled to actual attorney's fees and costs.

Dated this   20th   day of February, 2012.

                                                BY THE COURT:

                                                s/ William C. Griesbach
                                                Honorable William C. Griesbach
                                                U.S. District Judge