UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARINE TRAVELIFT, INC.,

        Plaintiff,

v.                                      Case No. 10-C-1046

MARINE LIFT SYSTEMS, INC.,

        Defendant.

**ORDER REGARDING PROTECTIVE ORDER**

        Following a hearing on a Motion to Compel and to add an Attorney's-Eye's-Only provision to the Protective Order in the above matter, the Court entered an Order proposed by counsel for the plaintiff. In an effort to enter to act promptly, the Court inadvertently entered plaintiff's proposed order without first awaiting the comments by the defendant. Counsel for the defendant has now forwarded a letter in which he sets forth a number of objections to the language and requests that it be modified. The request will be denied.

        Defendant's primary objection seems to be that the order would allow the plaintiff to designate as "Attorney's-Eyes-Only" the very information that he claims the defendant misused. Counsel argues that absent notice of what information defendant is alleged to have been misused, it is unable to defend itself. Counsel further argues that plaintiff's refusal to allow access to the very information defendant is accused of misusing is illogical. Since plaintiff claims defendant has used the information for its competitive advantage, it follows that defendant must already possess the information. Under these circumstances, a further disclosure would not provide a competitive advantage.

The Court is satisfied that the language of the order is sufficient to take into account defendant's objections. The addendum is intended to allow either party to designate certain information that is subject to discovery by the other side as "attorneys eyes only" if disclosure of the information to the other party would cause harm. While the application of this basic principle may be subject to dispute, that would true no matter how the order is worded. Such disputes will by necessity have to be resolved by further motion practice. Defendant would appear to be correct that if, as plaintiff contends, defendant has already misused certain information, defendant already has access to it and further disclosure would not lead to a competitive advantage for the defendant or a competitive disadvantage to the plaintiff. Thus, it would appear that the plaintiff would have to disclose the information that it contends defendant has misused. On the other hand, plaintiff may be uncertain as to how much of the information has been disclosed and may seek to minimize any further disclosure. If the parties cannot work out any disputes they have over the matter, they may return to court. At this point, however, the Court sees no need to modify the order as entered. Accordingly, the request for further modification is denied.

**SO ORDERED** this   1st   day of March, 2012.

 s/ William C. Griesbach
William C. Griesbach
United States District Judge