UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARINE TRAVELIFT, INC.,

    Plaintiff,

v.                                             Case No. 10-C-1046

MARINE LIFT SYSTEMS, INC.,

    Defendant.

## DECISION AND ORDER

        The plaintiff, Marine Travlift, Inc. (MTI) filed a motion to seal documents (ECF No. 100) pursuant to General L.R. 79(d) and a protective order that was entered on April 20, 2011 (ECF No. 14). MTI requests that certain portions of its Brief in Support of Motion to Compel Discovery be sealed and requests that Exhibits E, G, and H in support of its brief be sealed. The exhibits were marked as confidential by the parties pursuant to the protective order. The Court directed that the party designating the material as confidential show cause for why the material remain under seal. The parties have both filed responses to the Court's order to show cause and the matter is now before me for resolution.

        There is a greater presumption that discovery materials are open to the public once those materials have become a part of the court record. *Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009). Before granting leave to file a document under seal, "the district court [must] make a determination of good cause before he may enter the order." *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999). Federal Rule of Civil Procedure 26(c) allows

a court to seal certain documents from the public provided that there is a showing of good cause to do so. *See id.* at 945 (stating that the public interest in judicial proceedings may be overridden if "the property and privacy interests of the litigants . . . predominate in the particular case, that is, only if there is good cause for sealing a part or the whole of the record in that case" (citing *Am. Tel. & Tel. Co. v. Grady*, 594 F.2d 594, 596 (7th Cir. 1978) (per curiam); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 787-91 (1st Cir. 1988); *In re "Agent Orange" Prod. Liab. Litig.*, 821 F.2d 139, 144-46 (2d Cir. 1987))).

Although litigants often prefer that information they consider private and confidential be shielded from public view, it is paramount that judicial records remain open to the public absent a justifiable reason to override the public's interest. *See Union Oil Co. of California v. Leavell*, 220 F.3d 562, 567-68 (7th Cir. 2000) ("Many a litigant would prefer that the subject of the case-how much it agreed to pay for the construction of a pipeline, how many tons of coal its plant uses per day, and so on-be kept from the curious (including its business rivals and customers), but the tradition that litigation is open to the public is of very long standing. . . . People who want secrecy should opt for arbitration." (citations omitted)).

**1. Exhibits E & H**

Exhibit E contains excerpts from the deposition transcript of Gary Mansell, the defendant's owner and president. The deposition transcript was designated as confidential by defendant. Defendant does not object to unsealing the excerpts of Mr. Mansell's deposition transcript that are included in Exhibit E. Exhibit H contains excerpts from the deposition transcript of Daniel P. Heraty, Executive Vice-President of Sales and Marketing of Mi-Jack Products, Inc. MTI no longer requests that Exhibit H remain under seal. Therefore, Exhibits E and H will not remain under seal.

2

**2. Exhibit G**

Exhibit G is a document that was produced at Mr. Heraty's deposition. The document contains information that MTI considers to be proprietary and highly confidential. The document contains MTI's product information, including the typical number of lifts per day, whether the hoist angle changes with the weight of the boot, the accuracy of load indicators, percentage safety factors, and pricing information. MTI maintains that this product information is not generally known and is a trade secret. For information to be considered a trade secret worthy of protection, MTI must make some showing that the type of information contained in the document "derives independent economic value . . . from not being generally known" and is "the subject of efforts to maintain its secrecy." Wis. Stat. § 134.90(1)(c).

All of the items that MTI lists that it considers to be proprietary and a trade secret do not appear to be the type of information that should remain under seal. For example, the pricing information included in Exhibit G indicates that "100 ton selling price is $425 to $450K" and "75 ton selling price is $350K." In the excerpts of Mr. Heraty's deposition transcript that MTI now does not maintain should remain under seal, he refers to this pricing information explaining that the $425,000 to $450,000 price "[w]as [for] a typical hundred tonner. That was the general price for hundred ton machines out there." (Heraty Dep. 47:13-17, ECF No. 103-8.) Thus, it appears that the pricing information refers to matters that are generally known within the industry. MTI has not explained how the product information regarding safety features, accuracy of load indicators, and hoist angle changes derives independent value because it is not generally well known. For instance, MTI does not explain how it could derive any independent economic value from maintaining the secrecy of the number of lifts per day a machine can perform. This information would be appear to be the type of product features that

3

typically would be disclosed to any purchaser of MTI's lift machines. And MTI has not explained, on any minimal level, what efforts it has taken to maintain the secrecy of this information.

Because MTI has not shown good cause for why Exhibit G should remain under seal, its motion to maintain the document under seal is denied. Both parties have withdrawn their requests to maintain Exhibits E and H under seal. Therefore, the Clerk is directed to unseal Exhibits E, G, and H (ECF Nos. 103-5, 103-7, 103-8). Those portions of MTI's brief in support of its motion to compel that reference these exhibits also may not remain under seal because good cause has not been established. Accordingly, the Clerk is directed to unseal MTI's brief in support of its motion to compel. (ECF No. 102-1.)

**SO ORDERED** this   28th   day of January, 2013.

 s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court
