# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

MARINE TRAVELIFT, INC.,

        Plaintiff,

    v.                                 Case No. 10-C-1046

MARINE LIFT SYSTEMS, INC.,

        Defendant.

---

**ORDER REGARDING MOTIONS [134 & 139] TO FILE UNDER SEAL**

---

The defendant filed two separate motions for summary judgment, one seeking judgment in its favor on its counterclaim for breach of contract and a second seeking dismissal of the plaintiff's claims against it. Accompanying each motion is a motion to seal portions of the briefs and several exhibits filed in support of the motions on the ground that the plaintiff has designated the material as confidential pursuant to the protective order previously entered in the matter. The motion also sets forth the defendant's objections to certain of the designations. The defendant has invited the court to enter an order to show cause why the material the plaintiff designated as confidential should be kept out of the public record.

This is now the fifth time the court has been required to request a party to supply the grounds for granting the opposing party's motion to seal. It is apparent from the previous motions to seal that the party filing the motion is only moving to seal based on the fact that the opposing party has designated material as "confidential" or "attorney's eyes only," necessitating issuance by the court of an order to show cause to the party responsible for the designation why the material should be sealed. This has resulted in a waste of time and resources.

In this district, General L.R. 79(d) governs the procedure for filing material that a party has designated confidential under seal. Subsection (4) states that "[a]ny motion to seal must be accompanied by proof of good cause for withholding the material from the public record." Subsection (6) requires that any material marked confidential that a party wishes to file with the court "must be filed under seal by the filing party with the Clerk of Court in an envelope marked 'SEALED.'" The party filing the material designated "confidential" then has two options:

> Any party filing material claimed to be confidential under subsection (6) must include with that filing either: (1) a motion to seal the material pursuant to this rule; or (2) an objection to the designation of the material as confidential and a statement that the objection to the designation has been provided to the person claiming confidentiality. If such an objection is made, the person having designated the material as confidential may file a motion to seal under this rule within 21 days of the objection.

General L. R. 79(d)(7).

Neither of the motions filed by the defendant sets forth good cause for withholding the material filed under seal from the public record. Indeed, it appears that the defendant objects to at least some of the plaintiff's designations on the ground they were not timely made. It is clear from a reading of General L. R. 79(d)(7) that where a party does not believe good cause exists to seal material filed in support of its motion from the public record, that party should not file a motion to seal the material. Instead, the party should simply file an objection to the designation of the material as confidential, thereby shifting to the party that made the designation the burden of establishing good cause without the need for the court to enter an order to show cause.

Based on the foregoing and pursuant to General L. R. 79(d)(7), the court will construe the defendant's motions to seal as objections to the plaintiff's designations of the material defendant has filed in support of its motions as confidential. Plaintiff will have 21 days from the filing of the

2

defendant's motions within which to file a motion to seal.  If no motion is filed, the material will be placed in the public record.  In the future, the parties are directed to consult with one another before filing material marked as confidential in an effort to minimize the filing of such material and/or the disputes over whether the material that is filed must remain confidential.

**SO ORDERED** this ___25th___ day of February, 2013.

s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court

3