UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARINE TRAVELIFT, INC.,

        Plaintiff,

v.                                            Case No. 10-C-1046

MARINE LIFT SYSTEMS, INC.,

        Defendant.

**ORDER GRANTING IN PART DEFENDANT'S MOTION TO SEAL [128]**

Defendant filed a motion to seal portions of its brief in support of its motion to exclude the expert opinions of Plaintiff's expert Dr. Charles Breeden and several exhibits in support of Defendant's brief. Defendant's motion to seal was based on the fact that Plaintiff had designated the exhibits as confidential. The court directed Plaintiff to show cause why the documents should remain under seal. In response, Plaintiff agreed that most of the material did not need to be under seal and withdrew its confidential designation as to several items. (Pl. Resp. 2, ECF No. 148.) Plaintiff, however, requests that portions of four documents remain under seal.

Under Federal Rule of Civil Procedure 26(c)(1)(G), the court may, when good cause is shown, enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Materials that enter the court record "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbot Laboratories*, 297 F.3d 544, 545 (7th Cir. 2002). In

order to qualify as a trade secret, the information must be that which "derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use" and "is the subject of efforts to maintain its secrecy that are reasonable under the circumstances." Wis. Stat. § 134.90(1)(c). Sensitive financial information may be considered a trade secret, constituting good cause for maintaining the information under seal. *See Thermal Design, Inc. v. Guardian Bldg. Prods., Inc.*, No. 08-C-828, 2011 WL 5105490, at *2 (E.D. Wis. Oct. 25, 2011); *see also, Metavante Corp. v. Emigrant Sav. Bank*, No. 05-CV-1221, 2008 WL 4722336, at *9-10 (E.D. Wis. Oct. 24, 2008); *FTC v. OSF Healthcare Sys.*, No. 11 C 50344, 2012 WL 1144620, at *3 (N.D. Ill. Apr. 5, 2012). For instance, information related to pricing, distribution, and marketing may constitute a trade secret. *See PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1270 (7th Cir. 1995). "Rule 26(c)(1)(G) is limited to commercial information that has . . . genuine competitive or commercial significance." *In re Violation of Rule 28(D)*, 635 F.3d 1352, 1360 (Fed. Cir. 2011).

In order to show good cause to file a document or a portion under seal, the party requesting protection must "analyze in detail, document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l*, 297 F.3d at 548. "Rule 26 of the Federal Rules of Civil Procedure gives courts 'broad latitude to grant protective orders' and equally broad discretion to deny such orders," *F.T.C. v. Payday Financial, LLC*, No. CIV 11-3017-RAL, 2013 WL 368361, at * 2 (D.S.D. Jan. 30, 2013) (quoting 8A Charles Alan Wright, Arthur R. Miller & Richard Marcus, FEDERAL PRACTICE & PROCEDURE § 2043 (2010)), and the rule is designed to be "highly flexible," *see Gill v. Gulfstream Park Racing Assoc.*, 399 F.3d 391, 402 (1st Cir. 2005).

2

Plaintiff contends that the following documents should remain under seal: pages 16 and 17 from the expert report prepared by Dr. Charles Breeden (ECF No. 127-4); pages 75, 77, 79-81, 85-86, 132, and 134 from the deposition of Breeden, including exhibits 14 and 15 (ECF No. 127-5); pages 5, 10, 15-17, 22-23, and 25 from the rebuttal report prepared by Mark A. Peterson, including Exhibit III (ECF No. 127-13); and pages 26-29 and 46-53 from the deposition of Stephan A. Chayer (ECF No. 127-14). Supported by the declaration of Peter Kerwin, the CEO of Marine Travelift, Plaintiff contends that these documents contain proprietary business information, including its lost profit margin projections, sales information and projections, market analysis and strategy, customer discounts, margin information, historical margin data, pricing data, income statements, and recorded good will amounts. This information, Plaintiff maintains, "provides MTI with a competitive advantage in the marketplace with regard to its knowledge of sales, price, costs, discounts, margins, product specifications, and market trends and strategy." (Pl. Resp. Br. 6, ECF No. 148.) Furthermore, Plaintiff maintains that the disclosure of the information contained in these documents could give the receiving party a competitive advantage over it or result in a competitive disadvantage to Plaintiff.

The court has reviewed the documents identified by Plaintiff that contains the sensitive business information it requests be maintained under seal. With the exception of Chayer's reference to Plaintiff's product specifications (Chayer Dep. 46:4-48:6, ECF No. 127-14), I am satisfied that Plaintiff has made a sufficient showing of good cause to maintain these documents under seal at this stage of the litigation because they contain sensitive business information that could potentially harm its competitive business position within the marketplace. This is not to say that Defendant's argument to the contrary is not without merit. In essence, Defendant objects to sealing these

documents because Plaintiff has not been specific enough, in spite of the fact that Plaintiff has directed the court's attention not only to the documents it requests be sealed, but the specific pages within those documents containing the sensitive business information it has identified.

A review of those documents, and the specific pages highlighted by Plaintiff, illustrates that some of the information indeed relates to lost profit margin projections, sales information and projections, market analysis and strategy, customer discounts, margin information, historical margin data, pricing data, income statements, and recorded good will amounts. Based on the showing made by Plaintiff, the court concludes that the required showing has been made as to the pages identified below. Of course, Plaintiff's claim that the sealed materials contain confidential information is a key issue in the case, and the court's finding of good cause is not intended to be final or binding on the parties beyond this stage of the proceedings. Plaintiff has made a minimal showing that this information does have economic value or that it could be useful to Plaintiff's competitors to gain a strategic advantage. If Plaintiff does not prevail at trial, the information will be unsealed.

The court does not reach the same conclusion as to several pages of the Breeden deposition that Plaintiff seeks to maintain under seal and as to the excerpts of the Chayer deposition. Pages 75, 77 and 79 to 81 of Breeden's deposition contain only vague references to market share and discounts. Chayer's discussion of Plaintiff's product specifications and its competitors is not altogether clear and what economic value there may be in this information is not immediately apparent. Chayer testified that Plaintiff's product specifications are given to its customers in a brochure (*Id.* at 46:9-10). There is no indication that these customers were required to treat the information disclosed in the brochures as confidential. This information cannot constitute a trade secret under Wisconsin's statutory definition. *See* Wis. Stat. § 134.90(1)(c)2. In addition, Chayer's

4

general discussion of Plaintiff's competitors does not appear to be the type of business information that has economic value. (Chayer Dep. 48:8-52:20, ECF No. 127-14.) How information about who your competitors are in a given market could derive independent economic value much less be kept confidential is not explained. Chayer's specific references to Plaintiff's market share, however, can conceivably be characterized as sensitive business information. (*Id.* at 28:9-18.)

In conclusion, I find that Plaintiff has, at this stage of the proceedings, provided sufficient reasons for maintaining the portions of the documents it has identified under seal. Based on the foregoing reasons, the clerk is directed to unseal the following documents: the deposition of Peter J. Kerwin (ECF No. 127-1), the deposition of David Birkhauser (ECF No. 127-6), the deposition of Stephan E. Pfeifer (ECF No. 127-7), the deposition of Dr. James Ashton (ECF No. 127-8), and the deposition of William J. Wood (ECF No. 127-9). Pages 16 and 17 from the Breeden report (ECF No. 127-4); pages 85-86, 132, and 134 from Breeden's deposition, including exhibits 14 and 15 (ECF No. 127-5); and pages 5, 10, 15-17, 22-23, and 25 from Peterson's rebuttal report, including Exhibit III (ECF No. 127-13) will be maintained under seal. The Plaintiff is directed to file redacted versions of the documents that will be maintained under seal. Because Defendant's redacted brief filed in support of its motion to strike (ECF No. 126) omits material that no longer remains under seal, Defendant is directed to refile its redacted brief omitting only the relevant information that remains under seal pursuant to this Order. The parties are encouraged to confer with each other to ensure that only the relevant confidential business information identified by Plaintiff is redacted and withheld from public disclosure.

Separately, on May 22, 2013, plaintiff Marine Travelift filed a motion to compel additional discovery (ECF No. 175). In conjunction with its motion, Marine Travelift filed its supporting brief

5

and Exhibit A under seal and indicated its objection to maintaining the documents under seal in accordance with General L. R. 79(d). Marine Travelift filed the documents under seal solely because Exhibit A was marked confidential by Defendant. Defendant indicated in its response to Marine Travelift's objection (ECF No. 184) that it does not oppose unsealing these documents. Accordingly, the Clerk is directed to unseal the documents (ECF Nos. 178, 179, 180) submitted in support of Marine Travelift's motion to compel.

Finally, Defendant has yet to file a response to Marine Travelift's remaining motions to seal (ECF Nos. 152, 157, & 172). Defendant is directed to either file its responses to Marine Travelift's motions, or in the alternative to notify the court whether it will waive its right respond, within 14 days from the date of this order. Should Defendant choose to file a response, Marine Travelift may file its reply within the time allotted by Civil L. R. 7.

**SO ORDERED** this __24th__ day of June, 2013.

                                              s/ William C. Griesbach
                                              William C. Griesbach, Chief Judge
                                              United States District Court