UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARINE TRAVELIFT, INC.,

    Plaintiff,

v.                                         Case No. 10-C-1046

MARINE LIFT SYSTEMS, INC.,

    Defendant.

**ORDER REGARDING MISCELLANEOUS MOTIONS TO FILE UNDER SEAL**
**[ECF NOS. 201, 230, 244, 256 & 258]**

      As previously outlined in several court orders (ECF Nos. 114, 141, 194 & 221), the court may, when good cause is shown, enter an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). Materials that enter the court record "that influence or underpin the judicial decision are open to public inspection unless they meet the definition of trade secrets or other categories of bona fide long-term confidentiality." *Baxter Int'l, Inc. v. Abbott Labs.*, 297 F.3d 544, 545 (7th Cir. 2002). Sensitive financial information may be considered a trade secret, constituting good cause for maintaining the information under seal. *See Thermal Design, Inc. v. Guardian Bldg. Prods., Inc.*, No. 08-828, 2011 WL 5105490, at *2 (E.D. Wis. Oct. 25, 2011). For example, information related to pricing, distribution, and marketing may constitute a trade secret. *See PepsiCo, Inc. v. Redmond*, 54 F.3d 1262, 1270 (7th Cir. 1995). In order to show good cause to file a document or a portion under seal, the party requesting protection must "analyze in detail,

document by document, the propriety of secrecy, providing reasons and legal citations." *Baxter Int'l*, 297 F.3d at 548.

Defendant Marine Lift Systems, Inc. (MLS) filed a motion to seal on July 8, 2013 requesting that the following documents be unsealed: (1) Summary Graph and Summary Table showing Plaintiff MTI's boat hoist base model prices from 2005 to 2010 (ECF No. 200-3 at 1-2); (2) "Price List" business records of MTI (ECF No. 200-3 at 3-20); and (3) Skipper Bud's 2011 Price Proposal (ECF No. 138-8, Ex. 7). (ECF No. 201.) This motion should have been styled as an objection to a confidentiality designation made by Plaintiff Marine Lift Systems, Inc. (MTI). *See* Civil L.R. 79(d)(7); ECF No. 141. Regardless, MTI did not respond to this motion or attempt to show "good cause" to support its confidentiality designation.

The Skipper Bud's 2011 Price Proposal was already ordered unsealed (*see* ECF No. 221) after this court vacated its previous order, ECF No. 194. The Summary Graph, Summary Table, and Price List attached as part of Exhibit C in ECF No. 200-3 remain at issue. The Price List is a comprehensive listing of pricing information from 2005 to 2010 set out by product and year. (ECF No. 200-3 at 3-20.) The Summary Graph is located on the bottom half of Exhibit C page one, underneath the MTI 'New Unit' Revenues graph that has already been unsealed pursuant to this court's previous order, ECF No. 221. The Summary Graph and Summary Table merely display the information contained in the Price List in a different format. Thus, the remaining issue is whether MTI's pricing information from 2005 to 2010, existing in graph, table, and chart form in Exhibit C, should remain sealed. Since MTI has not attempted to show good cause to support its confidentiality designations, and these documents appear to contain nothing more than general pricing information that is now almost three years old or more, the documents will be ordered unsealed.

On September 13, 2013, MLS filed a motion to seal (ECF No. 230) that is again construed as an objection to confidentiality designations placed on documents by MTI. MLS filed under seal (1) MTI's monthly sales report from 2006 to 2011 (Ex. B), and (2) a May 24, 2007 Unit Order Cover Sheet pertaining to a transaction between MTI and Island Packet Yachts (Ex. F). (ECF No. 231.) In MTI's response to this motion, MTI withdrew its confidentiality designation as to Exhibit F, the Unit Order Cover Sheet. (ECF No. 234.) MTI argued, however, that good cause exists to maintain Exhibit B under seal because it contains "information about MTI's pricing, discounts, labor hours and costs, material costs, and profits." (*Id.*) MTI argues that "if disclosed beyond legal counsel in this litigation, MTI reasonably believes this information could give the receiving party a competitive advantage vis-a-vis MTI or cause a competitive disadvantage to MTI." (*Id.*) But as previously explained by the court, it is not enough to simply assert that disclosure would place a party at a competitive disadvantage. *Baxter Int'l*, 297 F.3d at 547. The court finds MTI's rather generic arguments insufficient to justify maintaining Exhibit B under seal. As before (*see* ECF No. 221), MTI has not asserted that the discount information was subject to confidentiality agreements with customers, and the pricing information is now more than two years old. MTI also fails to explain, with any degree of specificity, why disclosure of its labor and material costs would harm its ability to conduct business in the marketplace. Exhibit B and Exhibit F are therefore ordered unsealed.

MTI also filed a motion to seal its Rule 26 Supplemental Expert Witness Disclosure and the expert reports contained therein on October 18, 2013 (Ex. O, ECF No. 247). (ECF No. 244.) MLS did not respond to MTI's motion. Peter Kerwin, MTI's CEO, supports the motion by stating that "the expert reports contain a significant amount of MTI's highly confidential financial information,

including analysis of MTI's EBITDA [Earnings Before Interest, Taxes, Depreciation and Amoritization] and information about the past and current value of MTI." (Aff. of Peter Kerwin, ¶ 3, ECF No. 245.) While some of the information contained in these reports has already entered the public record through other court filings, I am satisfied that MTI has met its burden to keep these reports under seal. The reports contain information about the current value of MTI's business, and this information appears to constitute sensitive financial information not generally available to the public. Accordingly, Exhibit O will remain under seal.

In the same motion, MTI also objected to MLS's confidentiality designation as to the deposition transcript of Gary Mansell, which MTI cited several times in its summary judgment materials (Ex. J, ECF No. 247). (ECF No. 244.) Since MLS has not shown cause to maintain its confidentiality designation as to Gary Mansell's deposition transcript, that designation is effectively removed and the court orders the unsealing of Exhbit J, plus the unsealing of the unredacted versions of MTI's brief in response to MLS's motion for summary judgment and response to MLS's proposed findings of fact. (ECF Nos. 248 & 249.)

Finally, on November 13, 2013, MTI filed a motion to remove MLS's "Confidential-Attorney's Eyes Only" designation from documents produced by MLS in discovery (ECF No. 256), and an accompanying motion to seal (ECF No. 258), which is construed as an objection to MLS's confidentiality designation. The documents at issue were initially produced by Hoist, a competitor of MTI and a non-party to this action, and contain information about Hoist's product lines, including some product drawings. MLS did not file a response to MTI's motion, and at the parties' first pretrial conference on November 27, 2013, MTI requested a ruling on its motion to remove the "Confidential-Attorney's Eyes Only" designation. The court stated that if Hoist did not intervene

4

by November 30, 2013, the "Confidential-Attorney's Eyes Only" designation would be removed and MTI could view the documents. (ECF No. 284.) MLS agreed to contact Hoist regarding its option to intervene, but Hoist never intervened. As a result, MTI's motion to remove MLS's "Confidential-Attorney's Eyes Only" designation from Hoist's documents (ECF No. 256) was effectively granted. The remaining issue is whether the documents should become part of the public record.

Provided good cause is shown, parties may seal documents to protect interests of third parties. *See, e.g*, *Bank of Am., N.A. v. First Mut. Bancorp of Ill.*, No. 09-5108, 2010 WL 2921845, at *1 (N.D. Ill. July 22, 2010) ("The court will protect financial information about 'third party borrowers,' that is, people and entities who are not parties to this case.") Documents "that influence or underpin the judicial decision" are generally open to public inspection, *Baxter Int'l*, 297 F.3d at 545, but here, Hoist's documents played no direct role in the litigation. In fact, MTI did not file its request to remove the "Confidential-Attorney's Eyes Only" designation until after it had already responded to MLS's motion for summary judgment. Further, MTI did not attempt to supplement the record after it was allowed to view the documents. Although Hoist's failure to intervene could indicate that the documents do not contain any protectible trade secrets or sensitive information, the court finds that Hoist's documents should remain sealed. As a non-party, Hoist should not be required to intervene at this stage to protect documents that apparently had no bearing on the present litigation.

In sum, MLS's motion to seal (ECF No. 201) is construed as an objection and is GRANTED. MLS motion to seal (ECF No. 230) is construed as an objection and is GRANTED. MTI's motion to seal (ECF No. 244) is GRANTED as to Exhibit O. As to Exhibit J, the motion is construed as an objection and is GRANTED. MTI's motion to remove the "Confidential-Attorney's

5

Eyes Only" designation (ECF No. 256) is GRANTED. MTI's motion to seal (ECF No. 258) is construed as an objection and is DENIED.

**SO ORDERED** this   18th   day of February, 2014.

                                           s/ William C. Griesbach
                                           William C. Griesbach, Chief Judge
                                           United States District Court